UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARL TAYLOR, JR.,

    Plaintiff,

v.                                             Case No. 5:21-cv-155-RH/MJF

TERRY RHODES,

    Defendant.
                                        /

## REPORT AND RECOMMENDATION

Because Plaintiff has failed to prosecute this action and has failed to comply with court orders, the undersigned recommends that the District Court dismiss this action without prejudice.[1]

### I. BACKGROUND

On August 29, 2021, Plaintiff, proceeding *pro se*, initiated this action against Defendant. Doc. 1. On October 8, 2021, because Plaintiff's complaint violated the Local Rules of the United States District Court for the Northern District of Florida and failed to state a plausible claim for relief, the undersigned ordered Plaintiff to file an amended complaint or a notice of voluntary dismissal. Doc. 8. The

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

Page 1 of 4

undersigned imposed a deadline of October 29, 2021 to comply. *Id.* at 10-11. The undersigned also warned Plaintiff that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to comply with the Local Rules, failure to demonstrate that the District Court enjoyed subject-matter jurisdiction, and failure to state a plausible claim for relief. *Id.* at 11. Plaintiff did not comply with the undersigned's order.

On November 9, 2021, the undersigned ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's order of October 8, 2021. Doc. 9. The undersigned imposed a deadline of November 30, 2021 to comply. *Id.* The undersigned again warned Plaintiff that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to comply with the Local Rules, failure to demonstrate that the District Court enjoyed subject-matter jurisdiction, and failure to state a claim upon which relief can be granted. *Id.* As of the date of this report and recommendation, Plaintiff has not complied with the undersigned's order.

## II. DISCUSSION

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see, e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim

when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting a court's inherent power to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts need not wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with a court order); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

On October 8, 2021, the undersigned ordered Plaintiff to file an amended complaint or a notice of voluntary dismissal. Doc. 8. Despite having two months to comply with the undersigned's order, Plaintiff has not prosecuted this action in any respect. He also has not complied with the undersigned's order to show cause. For

these reasons, the undersigned recommends that this action be dismissed without prejudice.[2]

### III. CONCLUSION

Because Plaintiff has failed to prosecute this action and has failed to comply with court orders, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice.

2. Order the clerk of the court to close this case.

At Pensacola, Florida, this 9th day of December, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**

---

[2] Because the undersigned's November 9, 2021 show-cause order was returned as undeliverable, Doc. 10, Plaintiff likely is unaware of the order. That, however, does not affect this report and recommendation. It is Plaintiff's responsibility to apprise the District Court of his current mailing address. Plaintiff's failure to do so further evidences his failure to prosecute this action.